IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ROBERT EARL CLAYBORNE JR., | ) | 8:15CV198 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM |
| v. | ) | AND ORDER |
| | ) | |
| TECUMSEH DEPARTMENT OF CORRECTIONS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

Defendants Scott Frakes, Brian Gage, Paul Tompkins, Adam Cropp, and Chelsea Guiffre, in their individual capacities, have filed a motion requesting the court "to stay all discovery in this case until after the Defendants have an opportunity to raise the issues of exhaustion and qualified immunity" (Filing No. 34). Defendants asserted these affirmative defenses in their answer filed on January 14, 2016 (Filing No. 22), but state in their supporting brief that they "plan to file a Motion for Summary Judgment on the issue of exhaustion, and if not successful, a Motion for Summary Judgment on the issue of qualified immunity" (Filing No. 35). Plaintiff has elected not to respond to the motion (Filing No. 38).

The doctrine of qualified immunity is designed to protect state actors from monetary damages and the costs associated with litigation, such as discovery. *Harlow v. Fitzgerald*, 457 U.S. 800, 817-18 (1982). Qualified immunity is "*an immunity from suit* rather than a mere defense to liability." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (emphasis in original). Thus, where qualified immunity is asserted as a defense, it is within the discretion of the court to stay discovery until the issue of qualified immunity is resolved. See *Ballard v. Heineman*, 548 F.3d 1132, 1136-37 (8th Cir. 2008).

The court determines that a limited stay is appropriate in this case, but as a condition will require Defendants to file a motion for summary judgment raising the issue of qualified immunity, either by itself or in conjunction with the exhaustion issue, within 21 days. If such a motion is not filed within 21 days, the court will enter an order lifting the stay of discovery. Defendants' motion will be granted without prejudice to Plaintiff's right to request an order permitting discovery or granting other relief pursuant to Federal Rule of Civil Procedure 56(d).

The court notes that several discovery requests (Filing Nos. 32, 33, 36, and 37) have been filed by Plaintiff in violation of the court's local rules. *See* NECivR 5.4(a) ("[I]nterrogatories, answers and objections to interrogatories, requests for admissions, answers and objections to requests for admissions, requests to produce or inspect, and responses to requests to produce or inspect must not be filed until needed for trial, resolution of a motion, or on the court's order."). These improper filings will be stricken from the court file.

IT IS ORDERED:

1. Defendants' motion to stay discovery (Filing No. 34) is granted, as follows:

    a. Discovery is stayed until further order of the court. This means that Defendants are not required to respond to any outstanding discovery requests, and Plaintiff is not authorized to serve any additional discovery requests, unless and until the court enters an order lifting the stay.

    b. Plaintiff is not prohibited from filing a properly supported motion to obtain court approval to conduct limited discovery regarding issues raised by Defendants in a motion for summary judgment.

2. The clerk of the court shall strike Plaintiff's discovery requests (Filing Nos. 32, 33, 36, and 37) from the court file.

3. The clerk of the court is directed to set the following pro se case management deadline: "May 13, 2016: check for filing of summary judgment motion."

DATED this 22nd day of April, 2016.

BY THE COURT:

*Richard G. Kopf*
Senior United States District Judge