```
         IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF NEBRASKA
```

| ROBERT EARL CLAYBORNE JR., | ) | 8:15CV198 |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM |
| v. | ) | AND ORDER |
| | ) | |
| SCOTT FRAKES, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff, Robert Earl Clayborne, Jr., an inmate at the Tecumseh State Correctional Institution ("TSCI"), filed this § 1983 action on May 28, 2015, seeking to recover monetary damages from several prison officials for allegedly violating Plaintiff's Eighth Amendment rights by failing to protect his safety during a prison riot that occurred at TSCI on May 10, 2015 (Filing No. 1). On August 12, 2016, Defendants moved for summary judgment on the basis of qualified immunity (Filing No. 50). The motion was granted by the court in a memorandum and order dated October 27, 2016 (Filing No. 57), and a final judgment dismissing Plaintiff's action with prejudice was entered that same day (Filing No. 58).

Plaintiff appealed to the Eighth Circuit, which affirmed this court's judgment on November 1, 2017 (Filing Nos. 73, 74). The Court of Appeals issued its mandate on November 28, 2017 (Filing No. 75). Plaintiff then filed a petition for a writ of certiorari on November 29, 2017 (Filing No. 76), which was denied by the Supreme Court on May 14, 2018 (Filing No. 78).

Now pending before the court are two motions that were filed by Plaintiff on June 15, 2018: (1) a motion for relief from judgment, pursuant to Rule 60 of the Federal Rules of Civil Procedure (Filing No. 80); and (2) a motion for an evidentiary hearing (Filing No. 79). Both motions will be denied.

## I. SUMMARY OF MOTIONS

Plaintiff claims he has newly discovered evidence in the form of a log-in sheet that lists the names of TSCI staff members who were on duty at the prison on May 10, 2015, between 2:00 pm and 10:00 pm. Plaintiff states the log-in sheet was sent to him by Defendants' attorney of record on July 12, 2016 (one month prior to the filing of Defendants' motion for summary judgment). Plaintiff contends that because the log-in sheet does not list the name of James Jensen, a non-party TSCI employee who submitted an affidavit in support of Defendants' motion for summary judgment,[1] Defendants were granted qualified immunity based on false statements. Plaintiff requests an evidentiary hearing in order to prove that the log-in sheet is newly discovered evidence. Plaintiff states he is impaired by mental disorders, and has provided a copy of a 2010 Social Security determination that he was then disabled by reason of depression and disc disease.

## II. DISCUSSION

Rule 60 provides, in relevant part:

> (b) *Grounds for Relief from a Final Judgment, Order, or Proceeding.* On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; [or]
> \*\*\*

---

[1] Jensen stated in his affidavit that on May 10, 2015, he "was called into work after a staff member was assaulted and inmates were refusing to lock down." (Filing No. 52-1, at CM/ECF p. 2)

>    (6) any other reason that justifies relief.
>
> (c) *Timing and Effect of the Motion.*
>    (1) Timing. A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.
> * * *
>
> (d) *Other Powers to Grant Relief.* This rule does not limit a court's power to:
> ***
>    (3) set aside a judgment for fraud on the court.

Fed. R. Civ. P. 60.

Because the court's judgment was entered on October 7, 2016, more than one year before Plaintiff filed his Rule 60 motion, no relief is available under subsections (b)(1), (2), and (3). *See* Fed. R. Civ. P. 60(c)(1). "[T]he one-year limitations period is not tolled during the pendency of an appeal." *Greene v. Gassman*, No. 11-CV-0618 PJS/TNL, 2014 WL 1775789, at *1 (D. Minn. May 5, 2014) (citing *Nevitt v. United States*, 886 F.2d 1187, 1188 (9th Cir.1989) (compiling cases)).

Nor can Plaintiff avoid the one-year time limit for motions based on Rule 60(b)(2) by asserting Rule 60(b)(6) as the basis for relief. *See United States v. Dakota Cheese, Inc. (In re Matter of a Grand Jury Subpoena Directed to Dakota Cheese, Inc.)*, 923 F.2d 576, 577 (8th Cir. 1991) (motion based on newly discovered evidence is governed by Rule 60(b)(2) and may not be brought after one year under Rule 60(b)(6)). "The provisions of Rule 60(b) are mutually exclusive, and if the reason offered for relief falls under on[e] of the more specific subsections of Rule 60(b)(1)-(5), the reason will not justify relief under the catch-all provision of 60(b)(6)." *McPherson v. Frakes*, No. 8:15CV162, 2018 WL 671169, at *2 (D. Neb. Jan. 31, 2018) (quoting *Fuller v. United States*, No. 4:07-CV-34 CAS, 2013 WL 3480303, at

[*8 (E.D. Mo. July 10, 2013)](#) (citing [Liljeberg v. Health Servs. Corp., 486 U.S. 847, 863 n. 11 (1988)](#)).

In addition, Rule 60(b) provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances. [Jones v. Swanson, 512 F.3d 1045, 1048 (8th Cir.2008)](#). The provisions of Rule 60(b) are grounded in equity and exist to prevent the judgment from becoming a vehicle of injustice. [Harley v. Zoesch, 413 F.3d 866, 870 (8th Cir.2005)](#). It is well-established that Rule 60(b)(6) authorizes relief only in the most exceptional of cases. [In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig., 496 F.3d 863, 866 (8th Cir.2007)](#). Relief under the catch-all provision of the rule "is exceedingly rare as relief requires an "'intrusion into the sanctity of a final judgment.'" [Id. at 868](#) (quoting [Watkins v. Lundell, 169 F.3d 540, 544 (8th Cir.1999)](#)). Plaintiff's claimed mental impairment is not an "exceptional circumstance" that would provide grounds for setting aside the court's final judgment.

Similarly, Plaintiff cannot rely on Rule 60(d)(3) to avoid the one-year time limit for seeking relief under Rule 60(b)(3) for fraud, misrepresentation, or misconduct by an opposing party. The Eighth Circuit has "emphasized that fraud on the court is distinct from mere fraud upon a party." [Superior Seafoods, Inc. v. Tyson Foods, Inc., 620 F.3d 873, 878 (8th Cir. 2010)](#). "Fraud on the court which justifies vacating a judgment is narrowly defined as 'fraud which is directed to the judicial machinery itself and is not fraud between the parties or fraudulent documents, false statements or perjury.'" [United States v. Smiley, 553 F.3d 1137, 1144 (8th Cir.2009)](#) (quoting [Bulloch v. United States, 763 F.2d 1115, 1121 (10th Cir.1985)](#)). "Further, relief is only available where it would be 'manifestly unconscionable' to allow the judgment to stand." [Superior Seafoods, 620 F.3d at 878](#) (quoting [Griffin v. Fed. Deposit Ins. Corp., 831 F.2d 799, 802 (8th Cir.1987)](#)). Plaintiff's speculation that an affidavit submitted in support of Defendants' motion for summary judgment contained a false statement, or that the affiant did not have personal knowledge of the events described in the affidavit, does not meet this high standard.

III. CONCLUSION

The court finds that Plaintiff's requests for relief under Rule 60(b)(1), (2), and (3) are untimely, and that no exceptional circumstance exists for granting relief under Rule 60(b)(6). The court also finds that Plaintiff has failed to show that a fraud was committed on the court, and thus he is not entitled to any relief under Rule 60(d)(3). Finally, the court finds that an evidentiary hearing is not needed with respect to any issue raised by Plaintiff, and would be of no benefit.

IT IS THEREFORE ORDERED:

1. Plaintiff's motion for an evidentiary hearing (Filing No. 79) is denied

2. Plaintiff's Rule 60 motion for relief from judgment (Filing No. 80) is denied.[2]

DATED this 13th day of July, 2018.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge

---

[2] **Plaintiff is hereby notified that the filing of a notice of appeal will make him liable for payment of the full $505.00 appellate filing fee regardless of the outcome of the appeal.** This is because the Prison Litigation Reform Act requires an incarcerated civil appellant to pay the full amount of the $505.00 appellate filing fee by making monthly payments to the court, even if he or she is proceeding in forma pauperis. 28 U.S.C. § 1915(b). By filing a notice of appeal, Plaintiff will be consenting to the deduction of the $505.00 filing fee from his prison account by prison officials.