IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ROBERT EARL CLAYBORNE JR., | ) | 8:15CV198 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM |
| v. | ) | AND ORDER |
| | ) | |
| SCOTT FRAKES, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff, Robert Earl Clayborne, Jr., an inmate at the Tecumseh State Correctional Institution ("TSCI"), filed this § 1983 action on May 28, 2015, seeking to recover monetary damages from several prison officials for allegedly violating Plaintiff's Eighth Amendment rights by failing to protect his safety during a prison riot that occurred at TSCI on May 10, 2015 (Filing No. 1). On August 12, 2016, Defendants moved for summary judgment on the basis of qualified immunity (Filing No. 50). The motion was granted by the court in a memorandum and order dated October 27, 2016 (Filing No. 57), and a final judgment dismissing Plaintiff's action with prejudice was entered that same day (Filing No. 58). Plaintiff appealed to the Eighth Circuit, which affirmed this court's judgment on November 1, 2017 (Filing Nos. 73, 74).

On June 15, 2018, Plaintiff filed two motions in this court: (1) a motion for relief from judgment, pursuant to Rule 60 of the Federal Rules of Civil Procedure (Filing No. 80); and (2) a motion for an evidentiary hearing (Filing No. 79). Plaintiff claimed he had newly discovered evidence which indicated a false affidavit had been submitted in support of Defendants' motion for summary judgment. Both motions were denied in a memorandum order entered on July 13, 2018 (Filing No. 81). This court determined that Plaintiff's requests for relief under Rule 60(b)(1), (2), and (3) were untimely, and that he was not entitled to any relief under Rule 60(b)(6) or Rule

60(d)(3). Plaintiff appealed, and the Eighth Circuit summarily affirmed this court's judgment on November 15, 2018 (Filing No. 92).

On December 6, 2018, prior to issuance of a mandate from the Court of Appeals, Plaintiff filed another Rule 60(b) motion (Filing No. 93),[1] which is now before this court for determination. The motion will be denied.[2]

## I. SUMMARY OF MOTION

Plaintiff claims he has newly discovered evidence in the form of a newspaper article, dated November 30, 2018, which discusses a report prepared by two experts concerning the May 10, 2015 riot at TSCI. Plaintiff alleges the report found the riot was "sparked by several conditions that could have been addressed and corrected," and "was withheld from the public and the plaintiff and other attorneys trying the Riot Case in Federal & State Courts" (Filing No. 93 at p. 2).

## II. DISCUSSION

Plaintiff specifically seeks relief under subsections (2) and (3) of Rule 60(b). As Plaintiff has previously been told, a Rule 60(b) motion based on reasons stated in

---

[1] Filing No. 93 is designated by Plaintiff as a "Federal rule 60b) motion for new trial." Plaintiff specifies he is seeking relief "under Rule 60(b) of the FRCP(2)(3)" and he recites the language of Rule 60(b)(2) and (3). (Filing No. 93 at p. 1). The motion concludes with Plaintiff "request[ing] this court to grant his motion, relieve him from the States grant of Summary Judgment on the grounds of fraud, misrepresentation, or misconduct and newly discovered evidence and grant the Plaintiff a new trial." (Filing No. 93 at pp. 2-3).

[2] Eighth Circuit case law "permits the district court to consider a Rule 60(b) motion on the merits and deny it even if an appeal is already pending in [the Court of Appeals], and a separate appeal may thereafter be taken to challenge the denial." *Hunter v. Underwood*, 362 F.3d 468, 475 (8th Cir. 2004).

these subsections must be made "no more than a year after the entry of the judgment or order or the date of the proceeding." [Fed. R. Civ. P. 60](c)(1). Plaintiff's motion therefore is untimely, and this court can grant him no relief.

Rule 60 provides, in relevant part:

(b) *Grounds for Relief from a Final Judgment, Order, or Proceeding.* On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; [or]
***
(6) any other reason that justifies relief.

(c) *Timing and Effect of the Motion.*
(1) Timing. A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.
* * *

(d) *Other Powers to Grant Relief.* This rule does not limit a court's power to:
***
(3) set aside a judgment for fraud on the court.

[Fed. R. Civ. P. 60](#).

Because the court's judgment was entered on October 27, 2016, more than one year before Plaintiff filed his Rule 60 motion, no relief is available under subsections (b)(1), (2), and (3). *See* [Fed. R. Civ. P. 60](c)(1). "[T]he one-year limitations period is

not tolled during the pendency of an appeal." *Greene v. Gassman*, No. 11-CV-0618 PJS/TNL, 2014 WL 1775789, at \*1 (D. Minn. May 5, 2014) (citing *Nevitt v. United States*, 886 F.2d 1187, 1188 (9th Cir.1989) (compiling cases)).

Nor can Plaintiff avoid the one-year time limit for motions based on Rule 60(b)(2) by asserting Rule 60(b)(6) as the basis for relief. *See United States v. Dakota Cheese, Inc.* (*In re Matter of a Grand Jury Subpoena Directed to Dakota Cheese, Inc.)*, 923 F.2d 576, 577 (8th Cir. 1991) (motion based on newly discovered evidence is governed by Rule 60(b)(2) and may not be brought after one year under Rule 60(b)(6)). "The provisions of Rule 60(b) are mutually exclusive, and if the reason offered for relief falls under on[e] of the more specific subsections of Rule 60(b)(1)-(5), the reason will not justify relief under the catch-all provision of 60(b)(6)." *McPherson v. Frakes*, No. 8:15CV162, 2018 WL 671169, at \*2 (D. Neb. Jan. 31, 2018) (quoting *Fuller v. United States*, No. 4:07-CV-34 CAS, 2013 WL 3480303, at \*8 (E.D. Mo. July 10, 2013) (citing *Liljeberg v. Health Servs. Corp.*, 486 U.S. 847, 863 n. 11 (1988)).

In addition, Rule 60(b) provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances. *Jones v. Swanson*, 512 F.3d 1045, 1048 (8th Cir.2008). The provisions of Rule 60(b) are grounded in equity and exist to prevent the judgment from becoming a vehicle of injustice. *Harley v. Zoesch*, 413 F.3d 866, 870 (8th Cir.2005). It is well-established that Rule 60(b)(6) authorizes relief only in the most exceptional of cases. *In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig.*, 496 F.3d 863, 866 (8th Cir.2007). Relief under the catch-all provision of the rule "is exceedingly rare as relief requires an "'intrusion into the sanctity of a final judgment.'" *Id.* at 868 (quoting *Watkins v. Lundell,* 169 F.3d 540, 544 (8th Cir.1999)). Plaintiff's allegations regarding the content of the experts' report, and the withholding of the report, do not show the existence of any exceptional circumstances.

Similarly, Plaintiff cannot rely on Rule 60(d)(3) to avoid the one-year time limit for seeking relief under Rule 60(b)(3) for fraud, misrepresentation, or misconduct by an opposing party. The Eighth Circuit has "emphasized that fraud on the court is distinct from mere fraud upon a party." *Superior Seafoods, Inc. v. Tyson Foods, Inc.,* 620 F.3d 873, 878 (8th Cir. 2010). "Fraud on the court which justifies vacating a judgment is narrowly defined as 'fraud which is directed to the judicial machinery itself and is not fraud between the parties or fraudulent documents, false statements or perjury.'" *United States v. Smiley,* 553 F.3d 1137, 1144 (8th Cir.2009) (quoting *Bulloch v. United States,* 763 F.2d 1115, 1121 (10th Cir.1985)). "Further, relief is only available where it would be 'manifestly unconscionable' to allow the judgment to stand." *Superior Seafoods,* 620 F.3d at 878 (quoting *Griffin v. Fed. Deposit Ins. Corp.,* 831 F.2d 799, 802 (8th Cir.1987)). The alleged withholding of the experts' report would not constitute fraud on the court and it would not be manifestly unconscionable to allow the judgment to stand in light of the report.

Finally, to the extent Plaintiff may be relying upon Rule 59 of the Federal Rules of Civil Procedure by requesting a new trial, such a request is also untimely. "A motion for a new trial must be filed no later than 28 days after the entry of judgment." Fed. R. Civ. P. 59(b). Likewise, "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e).

## III. CONCLUSION

The court finds Plaintiff's motion for relief from judgment under Rule 60(b)(2) and (3) is time-barred, and there are no grounds for granting Plaintiff relief under any other provision of Rule 60. A Rule 59 motion for new trial or motion to alter or amend judgment would also be untimely.

Accordingly,

IT IS ORDERED that Plaintiff's motion for relief from judgment (Filing No. 93) is denied.[3]

DATED this 12th day of December, 2018.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge

---

[3] **Plaintiff is hereby notified that the filing of a notice of appeal will make him liable for payment of the full $505.00 appellate filing fee regardless of the outcome of the appeal.** This is because the Prison Litigation Reform Act requires an incarcerated civil appellant to pay the full amount of the $505.00 appellate filing fee by making monthly payments to the court, even if he or she is proceeding in forma pauperis. 28 U.S.C. § 1915(b). By filing a notice of appeal, Plaintiff will be consenting to the deduction of the $505.00 filing fee from his prison account by prison officials.